ANDERSOŇ and others, Respondents, vs. POTTS and another, Appellants.

*April 11—May 13, 1947.*

For the appellants there was a brief by *Aberg, Bell, Blake & Conrad* of Madison, and *Walter C. Crocker* of Eau Claire, and oral argument by *Edwin C. Conrad*.

For the respondents there was a brief by *Frank L. Morrow* and *Ramsdell & King*, all of Eau Claire, and oral argument by *Mr. Bailey Ramsdell* and *Mr. Morrow*.

ROSENBERRY, C. J.  On the 21st day of September, 1945, at about 10 a. m., the plaintiff was driving her 1941 Plymouth coupe in an easterly direction on Hudson street in the city of Eau Claire.  At the intersection of Hudson street and Sixth avenue there was a collision between the plaintiff's car and a Studebaker car driven by the defendant Potts, hereinafter referred to as the "defendant," in a southerly direction on Sixth avenue.  Sixth avenue is a paved north-and-south street in the city of Eau Claire.  The paved portion is thirty-two feet in width north of and thirty-four feet in width south of the center line of Hudson street.  Hudson street is a paved highway thirty-four feet seven inches in width which intersects Sixth avenue at right angles forming a square, unobstructed intersection.  There are no stop signs, arterial signs, or controls of any kind at this intersection.  The intersection itself is level although the approaches are on slight grades.  The plaintiff was going up a slight grade just before the collision and the defendant was approaching the intersection on a slight downgrade.  The day was clear and bright and the pavement was dry.

As a result of the collision the plaintiff was rendered unconscious.  She has no recollection of the accident and does not recollect seeing the defendant's car approach the intersection as

she traveled toward the point of collision. The defendant was the only eyewitness and at the time was thirty-three years of age.

As she approached the intersection the defendant testified that she was traveling at a speed of twenty to twenty-five miles per hour; that she looked to her right and saw the Anderson car approaching. At that time she was approximately forty feet north of the curb line of Hudson street and plaintiff was one hundred fifteen to one hundred twenty feet west of the west curb line of Sixth avenue. Thinking she had ample time to cross the intersection, she looked to the left. While looking to the left the collision occurred.

By their verdict the jury found the defendant causally negligent as to: (1) Lookout; (2) failing to yield the right of way; that the defendant was not negligent as to speed.

The jury found the plaintiff causally negligent with respect to: (1) Lookout; (2) speed; (3) management and control.

The jury apportioned the negligence as follows: (a) Ruth P. Anderson, twenty-five per cent; (b) the defendant, Ardith E. Potts, seventy-five per cent.

Upon this appeal, the defendants make three contentions.

(1) That as a matter of law, plaintiff's causal negligence as to lookout, speed and management and control, was at least equal to the defendant's negligence as to lookout and failing to yield the right of way.

(2) That as a matter of law the defendant Potts was not guilty of negligence with respect to failing to yield the right of way.

(3) As a matter of law, defendant, Ardith E. Potts, was not negligent as to lookout.

We shall consider only the second of these contentions, that the defendant Potts was not guilty of negligence with respect to failing to yield the right of way.

A copy of Exhibit 2 is printed herewith.

The undisputed evidence which the verdict shows the jury believed, is that at the time the defendant looked to her right and saw the plaintiff's car approaching, she was thirty-five to forty feet north of the north curb line of Hudson street and the plaintiff's car was one hundred fifteen to one hundred twenty feet west of the curb line of Sixth avenue. The point of collision was eleven feet east of the west line of Sixth avenue and twenty-one feet south of the north curb line of Hudson street, so that the point of collision was three or four feet southwest of the center of the intersection.

In order to reach the point of collision from where the plaintiff was at the time the observation was made, the plaintiff would have to travel one hundred twenty-six to one hundred thirty-one feet, while the defendant in order to reach the point of collision would have to travel fifty-six to sixty-six feet. As the defendant was traveling at a speed of twenty to twenty-five miles per hour or approximately thirty to thirty-seven feet per second, she would reach the point of collision from the point of observation in two seconds or less. During that time the plaintiff traveled one hundred twenty-six feet or approximately twice as fast as the defendant and must have been traveling therefore at a speed in excess of forty to fifty miles per hour. The jury acquitted the defendant of any negligence as to speed, found that the plaintiff was negligent in that respect, but found that the defendant was negligent with respect to lookout. Inasmuch as the defendant looked to her right and saw the Anderson car and then looked to her left to see if there was approaching traffic and the accident happened while she was looking to the left and the jury found her negligent with respect to lookout, the jury must have been convinced that the defendant failed accurately to estimate the plaintiff's speed. The defendant thought if the plaintiff's car had been going sixty to seventy-five miles an hour she would have noticed it but she did not observe that the plaintiff's car was proceeding at an unlawful speed. This leads us to the conclusion that when the

defendant entered the intersection,—that is, passed the north curb line of Hudson street and was looking to her left,—the plaintiff was some forty or fifty feet west of the point of collision. Under these circumstances, it is considered that the jury was in error in finding that the defendant was negligent with respect to yielding the right of way to the plaintiff. Under the circumstances of this case, the defendant owed no duty to yield to the plaintiff. *Reynolds v. Madison Bus Co., ante,* p. 294, 26 N. W. (2d) 653, decided April 8, 1947. The parties were clearly not approaching the intersection at about the same time. Although the interval in any event was short, if the plaintiff had been in the exercise of due care which the jury found she was not, she would have been under a duty to do what she could to avoid the accident. The evidence clearly shows that she did nothing in that respect. The real dominant operative cause of this accident, although there are other contributing causes, was the excessive speed of plaintiff's car which was negligence *per se,* being in violation of the law of the road. It led the plaintiff to be causally negligent in other respects, deceived the defendant as to plaintiff's speed, and led defendant to rely upon her conclusion that she had ample time to cross the intersection before plaintiff reached it. Under the facts the jury was not warranted in finding the defendant guilty of negligence with respect to yielding the right of way. With this factor out of the case, there can be no question but that the negligence of the plaintiff greatly exceeded that of the defendant. This results in a reversal.

*By the Court.*—The judgment appealed from is reversed, and cause remanded with directions to dismiss plaintiffs' complaint.